LAURA S. ROSS v. BRANNIN, SUMMERS & CO.

Husband and Wife—Mortgage by Wife for Accommodation of Husband—Bills and Notes.

A mortgage by a wife, on her property, as accommodation endorser for her husband's debts, is held good, and liable to the acceptors of a bill of exchange, though the mortgage be given to payees thereon, who endorsed same over to such acceptors.

Pleading—No Response to a Cross-Petition—Judgment.

Where, in a cross-petition, certain items in dealings between the principal litigants are surcharged, a judgment without answer thereto is erroneous.

Bills and Notes—Rate of Interest Payable, Where Due.

Interest on notes or bills of exchange is chargeable at the rate in force in the State where the debt is payable. This should apply to judgments of foreclosure.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 2, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

March 31, 1866, John O. Ross, appellant's husband, drew two bills of exchange on Messrs. Hilliard, Summers & Co. of New Orleans, Louisiana, the one for six thousand, the other for two thousand dollars, the first payable January, the second February 1, 1867, and both of which were payable to the order of A. O. and J. S. Brannin, and accepted by the drawees.

The same day appellant and her husband executed a mortgage on a tract of land belonging to her and upon which they resided, in Jefferson county, Kentucky, *"to secure the payment of said two drafts,"* as recited in the mortgage.

It is further recited therein that said J. O. Ross was the real debtor in said bills of exchange, the drawees and payees being only accommodation parties.

Brannin, Summers & Co. being the successors of Hilliard, Summers & Co., these bills were transferred to them. John O. Ross

continued his dealings with the drawees and their successors from soon after the date of said bills until they were due.

He also shipped them his crop of cotton as was originally agreed, as these bills seem to have been made to secure advances to aid in raising the crop.

To subject said mortgage property to the balance, as claimed, of over six thousand dollars due appellees, this suit of foreclosure and for sale was brought.

Whether or not A. O. and J. S. Brannin endorsed said bills without recourse, is a matter of no consequence, nor did such endorsement disprove the recital in the deed, that J. O. Ross was the real debtor and the others were accommodation parties, nor did it alter the real intent and covenant of the mortgagors to secure the payment of said bills, or even if A. O. and J. S. Brannin were not part of Hilliard and Summers & Co., still the mortgage to them to secure the payment of the bills would inure to the benefit of the drawees who became acceptors.

The defense of Mrs. Ross, therefore, as to the responsibility of her property which had been mortgaged to secure these debts, is wholly unavailing. But in her answer and cross-petition she sets up as erroneous various items of usury, commissions, etc., and calls on the plaintiffs to answer and exhibit their itemized account, current.

To this they made no response, but filed their itemized account current.

Without response denying or explaining such items they should have been disallowed.

By the judgment the debt is also made to bear ten per cent interest, from the time due until paid, which is also erroneous. The true rule is to let the conventional interest, where it is collectable by the law of the place where the debt is payable, run up to the judgment, when the original contract being merged in the Kentucky judgment only six per cent from its date is allowed, and we think this rule should also be applied to judgments of foreclosures.

The attorney's fee of $500 seems also to be unnecessarily large.

A reasonable attorney's fee should be allowed, as the same is also secured by the mortgage, in case legal proceedings to foreclose it should have to be resorted to, or the debt should have to be collected by legal proceedings.

But one deposition was taken and that in the city of Louisville, where the mortgagees live and where they can themselves attend to the collection and reception of the money when it is ready to be paid over. An attorney's fee, as to Mrs. Ross, should only be allowed for the reasonable compensation in bringing the suit and prosecuting it to a successful termination, and near ten per cent on this large sum seems to be unreasonable for such services as were rendered in this case.

For these errors alone, the judgment must be reversed, with directions to allow a response to the cross-petition, and after purging the account of all compound interest and other erroneous items, and ascertaining reasonable compensation to the attorney for the services actually rendered, including such as may have been rendered in this court, to order a foreclosure and sale for the amount so ascertained to be due. As the husband had been declared a bankrupt, it was right to refuse a judgment as to him.

*D. W. Sanders, Barrett & Roberts, for appellant.*

*Thompson, for apepllees.*